```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
JOSEPH ACHTMAN, SHIRLEY ACHTMAN, BLAIR
AMBACH, THEODORE ANDREOZZI, SONDRA
BAER-MILLER FOR THE ESTATE OF JENNY
BAER, SANDY BERKOWITZ, JOSEPH BERLINGER,
ELISSA BERLINGER, GUSTAVE BIRNBERG,
FAITH BIRNBERG, GEORGE CAGEN, YVETTE
COHEN, SELMA DAUBER, MARTIN DAUBER,
ISABEL EZERSKY, PAUL EZERSKY, DOROTHY
FEIGENBAUM, RICHARD FLYNN, INDIVIDUALLY,
AND RICHARD FLYNN FOR THE ESTATE OF
HERBERT FLYNN, DOROTHY GASTON, ERWIN
GASTON, GUNTHER GLASER, GRACE GLUCK,
SAUL GLUCK, RONA GREENBERG, BERNARD
GREENBERG, BRIAN HENRY, ALBERT HODES,
ARNOLD JACOBS, HAGOP JAMGOCHIAN,
SHAMIRAM JAMGOCHIAN, HARRY KAISERMAN,
LAWRENCE KESSLER, CARL KEVORKIAN,
LINDA TABRIS FOR THE ESTATE OF BERNICE
KRAMER, FREDERICK KROLL, WILLIAM LENNEY,
SYLVIA LEVINE, SIDNEY LEVINE, DORIS LEVY,
LAWRENCE LINDY, ANTHONY LONGO, JOSEPH
LONGO, HARRY MANDELBAUM, BLANCHE
MANDELBAUM, HENRY MEDVIN, SELMA MEDVIN,
CAROL PEYSER, HARVEY PFAU, RENEE PFAU,
HYMAN ROCK, PHILLIP ROSS, BARBARA
SCHILDCROUT, LLOYD SCHILDCROUT, ALBERT
SHERIDAN, ELEANOR SILVERSTEIN, STANLEY
SINGER, JOE SINGER, KENNETH SMITH,
HAROLD SOMMERS, MELVIN SPENCER, BEN
SPENCER, RUSSELL STOTT, ANNE STOTT, PAUL
TRUSIK, HARRIET WALLSHEIN, S. JOSEPH
WALLSHEIN, JOHN WEIDEMEYER, ELEANOR
WEIDEMEYER, HARRY WEINSTEIN, EDITH
WEINSTEIN, ELAINE ZINBERG, GENIA ZWIRN,
DAVID ZWIRN, AND OTHER JOHN DOES,

                              Plaintiffs,
                                                    02 Civ. 9913 (JES)
         -against-
                                                    MEMORANDUM OPINION
KIRBY, McINERNEY & SQUIRE, LLP                        AND ORDER
and BERNSTEIN, LITOWITZ, BERGER
& GROSSMANN, LLP,
                              Defendants.
------------------------------------------------X
```

**SPRIZZO, D.J.:**

     The issues before the Court, as raised by a panel of the Second Circuit in a Summary Order dated September 19, 2005 ("Remand Order"), are the applicability to this action of an Order for Preliminary

Injunction dated July 30, 2002 and entered in the action captioned <u>In re Bennett Funding Group, Inc. Securities Litigation</u>, 96 Civ. 2583 ("Injunction Order"), the propriety of entering the Injunction Order, and the bases for subject matter jurisdiction over the present action. This Court finds that the Injunction Order is clearly applicable to the present action, that the Injunction Order was properly entered pursuant to this Court's authority under the All Writs Act, 28 U.S.C. § 1651, and that there are several bases for subject matter jurisdiction in this action.

## BACKGROUND

The present action stems from a federal securities class action arising from an alleged Ponzi scheme perpetrated by the Bennett Funding Group. <u>See</u> <u>Achtman v. Kirby, McInerney & Squire, LLP</u>, 336 F. Supp. 2d 336, 338 (S.D.N.Y. 2004). By Order dated August 1, 1996 a series of putative class actions were consolidated as <u>In re Bennett Funding Group, Inc. Securities Litigation</u>, 96 Civ. 2583 ("underlying action"), <u>see</u> Aff. of Bertrand C. Sellier, dated Apr. 14, 2003, Ex. B ("Consolidation Order"), and defendants in the present action, Kirby, McInerney & Squire, LLP and Bernstein, Litowitz, Berger & Grossmann, LLP ("defendants" or "law firms"), were named lead counsel, Consolidation Order at 7.[1]

In April 1997 the Court certified the class in the underlying action, <u>Achtman</u>, 336 F. Supp. 2d at 338, and on behalf of the class the law firms secured a series of settlements totaling more than $166.5 million, <u>see</u> Order, dated June 5, 2003; Order, dated Oct. 19, 2000; Order, dated July 25, 2000 (collectively "Fee Orders"). As to each settlement, pursuant to Federal Rule of Civil Procedure 23, this Court approved the notices provided to class members, held settlement hearings, heard any objections as to attorneys' fees, found the settlements to be fair, reasonable, and adequate, and approved the law firms' applications for attorneys' fees and expenses. <u>See</u> Fee Orders.

In April 2002, upset over the law firms' failure to name Arthur Andersen & Co. ("Andersen") as a defendant in the underlying action, the firm of Shapiro & Shapiro began soliciting class members to file malpractice actions against the law firms. <u>See</u> Mem. of Law in Supp. of Mot. for Prelim. or Permanent Inj., dated June 5, 2002 ("Injunction

---

[1] At the time of the Consolidation Order, Kirby, McInerney & Squire, LLP was known as Kaufman Malchman Kirby & Squire LLP. <u>See</u> Consolidation Order at 7.

2

Mem."), at 1–2. In response, the law firms filed a motion seeking to enjoin Shapiro & Shapiro from communicating with class members without Court approval and from bringing its proposed malpractice action in another forum. Following briefing and oral argument, this Court determined that "[t]he legal malpractice litigation...against Class counsel for failure to join Anders[e]n as a defendant will seek to recover Bennett related losses from class counsel," Injunction Order at 1, and therefore the Court ordered that:

> Shapiro & Shapiro [defined as "Chikovsky and Shapiro, P.A., Shapiro & Shapiro, and other firms acting in concert with them"], their principals, shareholders, officers, directors, employees, successors, assigns, suppliers, agents, servants, attorneys and customers, all members of the Class certified herein, as well as those persons in active concert, participation, or privity with them, or any of them who receive notice of this order by personal service or otherwise, are PRELIMINARILY RESTRAINED AND ENJOINED FROM:
> A. Sending further notices to Class members without prior Court approval:
> B. Filing and/or proceeding with any legal malpractice claim against Class counsel relating to losses incurred in Bennett Funding securities in courts other than in this Court.

Id. at 2.

The present action, a putative class action brought on behalf of the class members in the underlying action "by their attorneys, CHIKOVSKY & SHAPIRO, P.A.," Compl. at 1, ¶ 2, was commenced by Complaint dated December 3, 2002 and seeks relief from the law firms for their alleged malpractice in failing to name Andersen as a defendant in the underlying action, id. ¶¶ 177–78. Finding that the Complaint failed to state a cause of action under New York law, this Court, in a Memorandum Opinion and Order dated September 17, 2004, dismissed the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Achtman, 336 F. Supp. 2d at 339–42.

As stated above, the Second Circuit remanded the action and raised the jurisdictional issues posed at the outset of this Opinion. This Court held a Pre-Trial Conference on September 29, 2005 and ordered the parties to submit simultaneous briefs on the issue of jurisdiction by November 7, 2005. See Order, dated Sept. 30, 2005. Plaintiffs' local counsel, Arnold E. DiJoseph, III, refused to appear at this Conference, opting instead to send a wholly unprofessional and

3

wildly accusatory letter directly to the Court of Appeals. See Letter of Arnold E. DiJoseph, III, dated Sept. 22, 2005. Defendants submitted their brief on the issue of jurisdiction on October 28, 2005. Plaintiffs failed to offer a submission.

## DISCUSSION

The first issue raised by the Remand Order is the applicability of the Injunction Order to the present action. According to the Second Circuit, "[i]t is unclear...how [the Injunction Order] applies to the plaintiffs in the current action" since they "are not represented by the law firms named therein." See Remand Order at 2.

As stated above, the Injunction Order applied to Chikovsky and Shapiro, P.A., Shapiro & Shapiro, other firms acting in concert with these two firms, and a host of others. The Complaint in the present action indicates that the action was brought by "CHIKOVSKY & SHAPIRO, P.A.," Compl. at 1, and Arnold E. DiJoseph, III represented himself as "Trial/Local Counsel," id. at 41. It seems clear, therefore, that plaintiffs are represented by a firm specifically named in the Injunction Order and that their Complaint was signed by local counsel who is acting in concert with that firm. As such, the Injunction Order is patently applicable to the present action.

The next two issues raised by the Remand Order are the propriety of entering the Injunction Order and the bases for subject matter jurisdiction over the present action.

The All Writs Act empowers federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651.[2] The Supreme Court has indicated that "federal injunctive relief may be necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case," Atl. Coast Line R.R. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 295 (1970), and courts have used this power to prevent state court litigation of claims that were being settled in a federal class action, In re Baldwin-United Corp., 770 F.2d 328, 336–38 (2d Cir.

---

[2] Although the Anti-Injunction Act, 28 U.S.C. § 2283, is not applicable here, cases interpreting it have been utilized by the courts in determining what is "necessary...in aid of...jurisdiction[]" under the All Writs Act. See In re Baldwin-United Corp., 770 F.2d 328, 335 (2d Cir. 1985).

4

1985); In re Corrugated Container Antitrust Litig., 659 F.2d 1332, 1334 (5th Cir. 1981), and to prevent the relitigation in state court of issues that were determined in federal court, Hutton Constr. Co. v. County of Rockland, Nos. 87-4027, 93-2465, 1997 WL 291954, 1997 U.S. Dist. LEXIS 7666, at *10-13 & n.2 (S.D.N.Y. June 2, 1997), aff'd, 1998 U.S. App. LEXIS 14968 (2d Cir. 1998); Thomas v. Albright, 77 F. Supp. 2d 114, 118–23 (D.D.C. 1999).  Because the court's power under the All Writs Act is limited to that necessary "in aid" of its jurisdiction, it is a prerequisite to the power's use that the court first have original jurisdiction over an underlying case or controversy. See Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 33 (2002).

This Court finds that the Injunction Order was properly entered pursuant to the All Writs Act, and therefore, under the terms of the Injunction Order, this Court has subject matter jurisdiction over the present action.

First, there is no dispute that this Court has jurisdiction over the underlying action -- a federal class action seeking recovery for a violation of the federal securities laws. See Consol. Class Action Compl., dated Sept. 16, 1996, ¶¶ 11-12.

Second, it is clear that the Injunction Order was issued to curb interference with the Court's continuing jurisdiction over the underlying action as well as to stop the threatened relitigation in other fora of issues already fully and finally determined by this Court. See, e.g., Schiavo v. Schiavo, 403 F.3d 1223, 1238 (11th Cir. 2005) (Wilson, J., dissenting); In re Application of United States, 538 F.2d 956, 963 (2d Cir. 1976) (Mansfield, J., dissenting).

The Consolidation Order, signed by this Court on August 1, 1996, explained the responsibilities of the law firms in the underlying action. Consolidation Order at 6–7.  Pursuant to the requirements of Rule 23(h) of the Federal Rules of Civil Procedure and mindful of the responsibilities decreed in the Consolidation Order, this Court, by the time the Injunction Order was entered, had presided over two hearings to determine the attorneys' fees owed to the law firms and had each time ruled that the law firms' "efforts in the litigation were novel and creative" and awarded substantial fee awards as "fair and reasonable in light of the record and all arguments raised before and during" the hearings. See Order, dated Oct. 19, 2000, at 4; Order,

dated July 25, 2000, at 5-6.  If the threatened malpractice litigation against the law firms based on the representation they provided in the underlying action was brought before another court, this Court's interpretation of the Consolidation Order would be undermined, and its two orders granting fees based on the quality of the representation before this Court would be relitigated and essentially undone by another court. See Hutton Constr. Co., 1997 U.S. Dist. LEXIS 7666, at *12-13 & n.2; Thomas, 77 F. Supp. 2d at 121-23.[3]

Similarly, in order to adjudicate plaintiffs' claim that the law firms sent out a deficient notice to the class, see Pls.' Mem., dated May 13, 2003, at 8, the court presiding over the malpractice litigation would be required to rule upon the sufficiency of the Notice of Pendency.  This Court, by Order dated August 25, 1997, "approve[d] the form, substance and requirements" of that Notice. See Order, dated Aug. 25, 1997.

In addition, the threatened malpractice litigation in another forum posed a threat to this Court's continuing jurisdiction over the underlying action.  At the time of the Injunction Order two settlements in the underlying action had been finalized and another was expected shortly. See Injunction Mem. at 2.  That settlement was reached several months later, and the Court, finding that the law firms had "produced an exceptional result for the Settlement Class," again approved substantial fee awards. Order, dated June 5, 2003, at 5.  If the malpractice litigation had continued in another forum, it would have severely hampered settlement efforts in this Court, see, e.g., In re Baldwin-United Corp., 770 F.2d at 335-37, and it would have undermined this Court's authority over a matter uniquely before it -- the quality of representation by the law firms in this federal class action, see Fed. R. Civ. P. 23(h).

Finally, there are important policy considerations that counsel in favor of enjoining malpractice litigation that arises from a federal class action from being brought in alternative fora.  Having declined to opt out of the class action, plaintiffs have reaped the

---

[3] The Court notes that in the two cases cited the courts enjoined the lawsuits from proceeding at all, finding that each was barred by the courts' rulings in the underlying litigation. In this action, the Court allowed plaintiffs to proceed with their actions in this Court. As an affirmative defense, issue preclusion as a bar to these claims was not raised at the time of the Court's Opinion in the present action, and the Court sees no need to discuss the possible merits of that defense.

6

benefits of the work done by the law firms and have either failed to object to the fees requested by the law firms or have failed to convince this Court that the fees were not warranted.  Despite this, plaintiffs now seek to drag the law firms into court essentially to recover from the law firms for losses incurred in the Ponzi scheme that formed the basis for the underlying action.  As Judge Sporkin so cogently noted in Thomas v. Albright, to unleash such suits upon class counsel in fora far and wide would severely undermine the class action system and would discourage able counsel from taking such cases to the detriment of those for whom a class action suit may be the only vehicle for achieving justice. Thomas, 77 F. Supp. 2d at 122-23; see also In re Baldwin-United Corp., 770 F.2d at 337.

In sum, this Court finds that the subject matter jurisdiction for the Injunction Order was properly based upon the All Writs Act as a means of preserving this Court's jurisdiction over the underlying action and as a means of protecting the judgments it had already entered.

In addition, this Court has supplemental jurisdiction over the present action.  The supplemental jurisdiction statute, 28 U.S.C. § 1367, vests in the district court "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).  As the Second Circuit noted in the Remand Order, courts have found that supplemental jurisdiction empowers, and sometimes compels, courts to hear attorney fee disputes that arise from actions that were properly before the court. See Alderman v. Pan Am World Airways, 169 F.3d 99, 102-03 (2d Cir. 1999); Itar-Tass Russian News Agency v. Russian Kurier, Inc., 140 F.3d 442, 445-48 (2d Cir. 1998); Cluett, Peabody & Co. v. CPC Acquisition Co., 863 F.2d 251, 256 (2d Cir. 1988).  Of course, the exercise of supplemental jurisdiction requires that the district court have original jurisdiction over an underlying case or controversy. See, e.g., Exxon Mobil Corp. v. Allapattah Servs., Inc., 125 S. Ct. 2611, 2617 (2005).

Here, this Court has supplemental jurisdiction over the present action since it is beyond dispute that this Court has original jurisdiction over the underlying action. See Consol. Class Action Compl., dated Sept. 16, 1996, ¶¶ 11-12.  This Court finds that

7

malpractice litigation brought by class members against class counsel arising from counsel's representation in a federal securities class action is part of the same case or controversy as the underlying federal securities class action for several reasons.

First, the Court notes that the rationale offered in support of supplemental jurisdiction in the fee dispute cases -- the Court's familiarity with the "relevant facts and legal issues," Alderman, 169 F.3d at 102, and the related desire to avoid having to relitigate and reconsider those issues in a forum unfamiliar with them, Itar-Tass Russian News Agency, 140 F.3d at 445 -- is equally applicable to the present situation.  In this case, this Court has presided over this federal securities class action since 1996, and has similarly handled a slew of other cases seeking recoveries for Bennett-Funding-related losses in this multi-district litigation.

Second, pursuant to Rule 23 of the Federal Rules of Civil Procedure and the Consolidation Order entered in this case, this Court plays an active role in passing upon the quality of representation provided by the law firms. See, e.g., Valerio v. Boise Cascade Corp., 645 F.2d 699, 700 (9th Cir. 1981).  In fact, as already stated, this Court has approved attorneys' fees applications three times, each time finding that the law firms achieved exceptional results for the class. See Fee Orders.  To consider plaintiffs' arguments here, another court would not only need to familiarize itself with the relevant facts and legal issues but it would also need essentially to reconsider this Court's findings that the law firms provided adequate representation in the underlying action. See Thomas, 77 F. Supp. 2d at 123.

Third, in this case the theory of recovery against the law firms is integrally related to the underlying litigation. Plaintiffs claim that they had a meritorious cause of action against Andersen which has been lost forever because the law firms failed to name Andersen as a defendant in the underlying action, see Compl. ¶¶ 177-182, and that the notice provided to class members by the law firms was deficient because it failed to notify the class that Andersen was not a defendant in the action, see Pls.' Mem., dated May 13, 2003, at 8. In order for plaintiffs to prevail on their malpractice action they would need to show that they had a legitimate claim against Andersen that was forfeited by the law firms' negligence. See Achtman, 336 F. Supp. 2d at 339.  Given this Court's familiarity with the underlying

8

action, including its approval of the Notice of Pendency, see Order, dated Aug. 25, 1997, it is uniquely qualified to determine the merits of plaintiffs' assertion, which arises from the same nucleus of facts as the underlying action, as well as to determine the reasonableness of the law firms' decision not to name Andersen as a defendant.  This is especially true since plaintiffs were free to opt out of the class action or simply to pursue their own claims against Andersen, as others did.  Having chosen not to do so or even to object to the law firms' counsel fees, they should not be permitted to attack the quality of the law firms' representation on that ground in a separate action.[4]

Alternatively, this Court has subject matter jurisdiction in the form of diversity of citizenship jurisdiction over most of the causes of action asserted in the present action.  Under 28 U.S.C. § 1332 this Court has original jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000" and is between citizens of different states.  In putative class actions only the citizenship of the named plaintiffs is considered. See E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co., 160 F.3d 925, 931 (2d Cir. 1998).  The citizenship of a partnership is determined by the citizenship of each of its partners. See Herrick Co. v. SCS Commc'ns, Inc., 251 F.3d 315, 322 (2d Cir. 2001).  Only one diverse plaintiff need meet the $75,000 amount-in-controversy requirement, as 28 U.S.C. § 1367 authorizes supplemental jurisdiction over the causes of action of the remaining diverse plaintiffs. See Exxon Mobil Corp., 125 S. Ct. at 2615.

Here, the parties have entered a Stipulation agreeing that sixty of the named plaintiffs are diverse with defendants and that at least one of these diverse plaintiffs "has asserted claims in this action in excess of $75,000." See Class Counsel's Mem. of Law Concerning Subject Matter Jurisdiction, dated Oct. 28, 2005, Ex. B, Stipulation, dated Oct. 26, 2005.  Therefore, diversity jurisdiction has been established as to these sixty plaintiffs.

As to the remaining thirteen named plaintiffs, this Court finds that they may, if necessary, be dropped from this suit as dispensable

---

[4] Finally, the Court notes that none of the factors that would allow this Court to decline to exercise jurisdiction is applicable to this case. See 28 U.S.C. § 1367(c).

9

non-diverse parties in order to salvage this Court's jurisdiction. See Fed. R. Civ. P. 21; see also Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 833-38 (1989).

**CONCLUSION**

Based on the foregoing, this Court finds that the Injunction Order is applicable to plaintiffs in the present action, that the Injunction Order was properly entered pursuant to the All Writs Act, and that this Court properly exercised subject matter jurisdiction over the present action. As such, this Court had jurisdiction to enter the Memorandum Opinion and Order dismissing this action.

**It is SO ORDERED.**

Dated:   New York, New York
         December 12, 2005

                                          _____
                                          John E. Sprizzo
                                          United States District Court

10

**APPEARANCES**

DiJOSEPH & PORTEGELLO, P.C.
Attorneys for Plaintiffs
50 Broadway, Suite 806
New York, NY 10004

    ARNOLD E. DiJOSEPH, III, ESQ.

        Of Counsel

PROSKAUER ROSE LLP
Attorneys for Defendants Kirby, McInerney
& Squire, LLP and Bernstein, Litowitz, Berger
& Grossmann, LLP
1585 Broadway
New York, NY 10036

    BERTRAND C. SELLIER, ESQ.

        Of Counsel